UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DANNY RAY HART, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 1:14CV00025 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Danny Ray Hart's ("Movant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1]. The Government has filed "Government's Response to Movant's Successive Section 2255 Petition, and Government's Motion to Dismiss the Same" [ECF No. 3].

**I. BACKGROUND AND PROCEDURAL HISTORY**

On August 23 2007, Movant was charged, in a superseding indictment with: 1) aiding and abetting the distribution of five grams or more of cocaine base, and 2) possessing with the intent to distribute five grams or more of cocaine base. Following a two-day trial, a jury returned a verdict on November 8, 2007, finding Movant guilty of both counts.

The Presentence Report ("PSR") prepared for Movant concluded he was responsible for selling 1, 114.9 grams of cocaine base, resulting in a base offense level of 34 pursuant to U.S.S.G. § 2D1.1(a)(3) (base offense level for at least 500 grams but less than 1.5 kilograms of cocaine base) [1:07CR00105 ERW, ECF No. 133-1]. The PSR showed a total of six criminal history points for Movant, resulting in a criminal history category of III. Movant did not qualify for any departures or other reductions under the guidelines; consequently, the total offense level

recommended was 34, corresponding to a guideline imprisonment range of 188-235 months. Due to prior drug offense convictions, Movant was subject to a ten-year mandatory minimum sentence pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851.

Prior to Movant's sentencing hearing, his counsel filed a "Sentencing Memorandum," asking that Movant receive the minimum sentence of 120 months. After hearing Movant's objections concerning the drug quantity imputed to him in the PSR, this Court found his base level to be 34, his total offense level to be 34, and his criminal history category to be III. Noting Movant's prior conviction for sale of a controlled substance, and recognizing Movant was subject to a mandatory 120-month minimum term of imprisonment, the Court found Movant's guideline range was 188-235 months. After consideration of the parties' arguments regarding the sentence to be imposed, the Court adopted the PSR, and sentenced Movant to a term of imprisonment of 195 months on each charged count, with the sentences to be served concurrently, followed by a term of supervised release of eight years on each count, also to run concurrently.

Movant appealed his conviction and sentence to the Eighth Circuit Court of Appeals, arguing, among other things, that the Court clearly erred by finding 1,114.9 grams of cocaine base as relevant conduct under U.S.S.G. § 1B1.3(a). During sentencing, the Court combined the physical evidence, 20.9 grams of cocaine base, with an extrapolated 1,094 grams derived from the trial testimony of Government witness Melissa Dawn Adams. Movant contended Adams' testimony was incredible as a matter of law. The Eighth Circuit concluded it was not incredible, as a matter of law, to find that Movant supplied Adams with at least 500 grams of cocaine based over 18 months, and affirmed Movant's conviction. *United States v. Hart*, 544 F.3d 911 (8th Cir. 2008); [Case 1:07CR00105 ERW; ECF No. 120].

On March 10, 2010, Movant filed his first § 2255 motion, claiming his counsel was ineffective, because: 1) he erroneously advised Movant he was not allowed to testify before the Grand Jury; 2) he failed to investigate, obtain, and present evidence that Government witnesses' testimony was incredible, physically impossible, and incapable of supporting relevant conduct finding on drug quantity; 3) he failed to object to the trial court's "cautionary instruction 2.08" given to the jury regarding individual Melissa Adams' testimony of prior bad acts allegedly committed by Movant; and 4) he failed to investigate and prepare a request for the sentencing court to take the disparity between the sentencing guidelines for crack and cocaine powder into consideration. [Case 1:10CV00043 ERW, ECF No. 1]. This Court denied, without an evidentiary hearing, Movant's § 2255 motion on June 7, 2011. The Eighth Circuit denied Movant's application for a certificate of appealability, and dismissed his appeal on October 11, 2011 [Case No. 1:10CV00043 ERW, ECF No. 22].

Thereafter, Movant petitioned the Court for a reduction in his imposed term of imprisonment, based on a guideline sentencing range that had been lowered and made retroactive by the United States Sentencing Commission. On June 20, 2012, the Court entered an Order and an Amended Judgment, reducing, as a discretionary determination, Movant's previously imposed sentence of imprisonment from 195 months to 155 months [1:07CR00105 ERW, ECF Nos. 137, 138].

Subsequently, the Supreme Court decided *Alleyne v. United States*, 133 S.Ct. 2151 (2013). The defendant in *Alleyne* was convicted of using a carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), which provides for a five-year mandatory minimum sentence, and increases the minimum term to seven years if the firearm is brandished. *Id*. at 2155-56. The sentencing court rejected Alleyne's contention that imposition of the seven-year

mandatory minimum sentence, in the absence of a finding by the jury that the firearm Alleyne used was brandished, violated his Sixth Amendment right to a jury trial. *Id*. at 2156. The Supreme Court reversed the sentencing court, holding that the sentencing enhancement of brandishing should have been charged in the indictment as an element, and should have been found beyond a reasonable doubt by the jury to subject Alleyne to the increased punishment. *Id*. at 2163-64.

II. **DISCUSSION**

In his present Motion, Movant asks the Court to vacate, set aside, or reduce his sentence, asserting as grounds for relief that: (1) his otherwise out-of-time § 2255 petition filing should be deemed as timely pursuant to 28 U.S.C. § 2255(f), because the Supreme Court's recent decision in *Alleyne* results in a substantive law change necessarily impacting Movant and requiring vacation and remand; and 2) the *Alleyne* decision requires, as a matter of law, Movant's conviction and sentence to be vacated and remanded for resentencing, because *Alleyne* newly recognized a right that should be made retroactively applicable to cases on collateral review [ECF No. 1]. Movant argues that, pursuant to *Alleyne*, he was entitled to have the drug quantity element of his charges found by a jury beyond a reasonable doubt, rather than by a judge at his sentencing by a preponderance of the evidence, and he contends both his trial and appellate counsel were ineffective for failing to raise this argument.

In its Response, the Government contends Movant's claim should be dismissed, because he has not applied for and obtained an order authorizing this Court to consider his second, or successive, § 2255 motion. The Government further contends the holding of *Alleyne* does not entitle Movant to relief, "because the sentencing element of five grams or more of cocaine base was charged in Counts I and II of the Indictment, of which Hart was found guilty by the jury."

4

[ECF No. 3 at 8]. Additionally, the Government argues the holding of *Alleyne* is a procedural rule "that does not fall within the 'watershed' exception, and it is not retroactively applicable to cases on collateral review." [ECF No. 3 at 8].

Movant has filed a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, contending he is entitled to be resentenced based upon the Supreme Court's June 17, 2013 *Alleyne* decision. To file a successive § 2255 motion, a movant first must file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *Boyd v. U.S.*, 304 F.3d 813, 814 (8th Cir. 2002). This Court may entertain a second or successive § 2255 motion only if a panel of the Court of Appeals for the Eighth Circuit has certified, as provided in 28 U.S.C. § 2244, that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Movant submitted his successive § 2255 motion without the required certification. When a second or successive habeas petition is filed in a district court without the authorization of the court of appeals, the court should dismiss it, or, in its discretion, transfer the motion to the appellate court. *Boyd,* 304 F.3d at 814.

This Court finds that it is not in the interest of justice to transfer Movant's petition to the Court of Appeals as a request to file a second or successive § 2255 motion based on *Alleyne*, and its new law ruling. Generally, new constitutional rules of criminal procedure are not applied to cases considered on collateral review. *Teague v. Lane*, 489 U.S. 288, 303-11 (1989). Two exceptions to this rule, however, permit the retroactive application of a new rule, when:

1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *Danforth v. Minn.* 552 U.S. 264, 274-75 (2008); *Teague*, 489 U.S. at 307. This Court finds that *Alleyne* does not fall within either of these exceptions, and declines to apply *Alleyne* in Movant's § 2255 proceeding.[1] Accordingly, Movant's habeas petition will not be transferred; rather, it shall be dismissed for lack of jurisdiction. No certificate of appealability will issue.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Danny Ray Hart's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED**. Movant's habeas petition shall be **DISMISSED, for lack of jurisdiction.**

Dated this   13th   day of May, 2014.

                                               *[signature]*
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 S.U. 466 (2000). The Supreme Court has decided that other rules based on *Apprendi* do not apply to cases on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348 (2004).